UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**THE SAMUEL LAW FIRM**
Andrew D. Beresin (AB 0603)
Michael Samuel (MS 7997)
1441 Broadway – Suite 6085
New York, New York 10018
(212) 563-9884
andrew@thesamuellawfirm.com
michael@thesamuellawfirm.com

*Attorneys for Plaintiff*

| | |
|---|---|
| Carlos R. Rosa,<br><br>　　　　　Plaintiff,<br><br>　- vs. –<br><br>Park Avenue South Management LLC, Rosario Doe, and Anibelca *a/k/a* *"Annie"* Doe,<br><br>　　　　　Defendants. | Case No. 25-_____<br><br>**COMPLAINT** |

Plaintiff Carlos R. Rosa and (hereinafter, "Plaintiff"), by and through his undersigned attorneys, for his complaint against Park Avenue South Management LLC, Rosario Doe, and Anibelca "Annie" Doe, alleges as follows:

**NATURE OF THE ACTION**

1.　Plaintiff alleges against defendants Park Avenue South Management LLC, Rosario Doe and Anibelca "Annie" Doe, that he is entitled to (i) unpaid wages from the defendants for overtime work for which he did not receive overtime compensation pay as required by law, (ii) unpaid wages for failure to pay him compensation at least equivalent to applicable prevailing statutory minimum wage and (iii) liquidated damages pursuant to

the FLSA, 29 U.S.C. §§ 201 et seq., because the defendants' violations lacked a good faith basis.

2.  Plaintiff further complains that he is entitled to: (i) back wages for overtime work for which Defendants willfully failed to pay overtime premium pay as required by the New York Labor Law §§ 650 *et seq*. and the supporting New York State Department of Labor regulations; (ii) back wages for the failure to pay compensation at least equivalent to applicable prevailing statutory New York State minimum wage; (iii) breach of contract damages for failure to pay promised wages and benefits; (iv) compensation for Defendants' violation of the Wage Theft Prevention Act; and (v) liquidated damages pursuant to New York Labor Law for these violations.

## THE PARTIES

3.  Mr. Carlos R. Rosa ("Plaintiff Rosa" or "Mr. Rosa") is an adult individual residing in New York, New York.

4.  Defendant Park Avenue South Management LLC ("PASM LLC") is a New York limited liability company with a registered business address at 560 W. 180th Street, Suite 306, New York, New York, 10033.

5.  At all relevant times herein from Approximately August 2007 through August 2022, defendant PASM LLC, along with managers Rosario and "Annie" individually and/or jointly controlled the employment of Plaintiff and were responsible for hiring, retaining, firing, scheduling, controlling, managing, supervising, and record-keeping as to Plaintiff's employment, among other employment functions.

6.  At relevant times herein, Plaintiff was employed individually and/or jointly by each of the defendants.

7. At all times relevant herein, defendant PASM LLC has been, and continues to be, an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

8. Upon information and belief, at all relevant times, Defendant PASM LLC has had gross revenues exceeding $500,000.00.

9. Upon information and belief, at all relevant times herein, Defendant PASM LLC has used goods and materials produced in interstate commerce and has employed individuals who handled such goods and materials.

10. Upon information and belief, at all relevant times, Defendant PASM LLC, constituted an "enterprise" as defined in the FLSA.

11. Upon information and belief, at all relevant times herein, Defendant Rosario Doe was the owner or part owner and principal and/or a manager of PASM LLC.

12. At all relevant times herein, he had the power to hire and fire employees, set wages and schedules, and maintain their records, including hiring and managing the plaintiff during his employment.

13. At relevant times herein, Defendant Rosario Doe is/was involved in the day-to-day operations of PASM LLC and played an active role in managing the business including managing Plaintiff's work for the defendants during his employment.

14. Upon information and belief, Defendant Anibelca a/k/a "Annie" Doe is the owner or part owner and principal and/or a manager of Tristar Management Associates LLC.

15. At all relevant times herein, she had the power to hire and fire employees, set wages and schedules, and maintain their records.

16. At relevant times herein, defendant Annie Doe is/was involved in the day-to-day operations of PASM LLC and plays an active role in managing the business, including managing Plaintiff's work for the defendants during his employment.

17. Defendants each constituted and "employer" of Plaintiff at relevant times herein, as that term is used in the Fair Labor Standards Act and New York Labor Law.

## JURISDICTION AND VENUE

18. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

19. Venue is proper in this district pursuant to 28 U.S.C. § 1391, because Defendants' business is located in this district.

## FACTS

20. Upon information and belief, at all relevant times herein, defendant PASM LLC was engaged in the business of real estate and building management and ownership.

21. At all relevant times herein from approximately August 2007 through approximately August 2022, defendant PASM LLC owned and/or managed two apartment buildings in which Mr. Rosa worked as building superintendent, one located at 736 Riverside Drive, New York, New York, a multi-story apartment building with approximately 86 residential units and the second building located at 609 West 151st Street, New York, New York, a multi-story apartment building with approximately 72 residential units.

22. Prior to August 2007 Mr. Rosa had worked as the building superintendent at the same two buildings as an employee of the preceding property management

companies, first for Solar Realty and then for ARC Realty, beginning in approximately 2001.

23. Upon information and belief, at all relevant times herein from August 2007 through August 2022, defendants PASM LLC owned and/or managed the two buildings where Plaintiff worked and employed six or more employees.

24. At all times relevant herein, from approximately August 2007 through August 2022, the defendants employed Plaintiff Rosa as building superintendent, in which position Plaintiff Rosa performed manual work including cleaning, maintenance, plastering and compounding, minor electrical and plumbing and heating repairs, collecting and removing garbage, trash and recycling, as well as sweeping or shoveling the snow outside the defendants' buildings located at 736 Riverside Drive, New York, New York, and 609 West 151st Street, New York, New York.

25. During his employment by defendant PASM LLC, from approximately August 2007 through approximately August 2022, Mr. Rosa worked a regular daily schedule, seven days per week, as follows: Monday through Friday from 8 a.m. until 5 p.m.; and also one additional hour each Tuesday, Thursday, Sunday for garbage collection and one hour on Saturday for sidewalk cleaning.

26. Consequently Mr. Rosa worked approximately 49 hours per week during his employment by defendant PASM LLC.

27. During his employment with defendant PASM LLC, the office managers at PASM LLC with whom Mr. Rosa corresponded about his work were named "Rosario" and later "Annie."

28. During Mr. Rosa's employment by the defendants, he was promised health insurance benefits but has never received such benefits from the defendants.

29. During his employment by the defendant PASM LCC, from August 2007 through approximately August 2022, Mr. Rosa was paid approximately $1,200 gross, every two weeks, by check.

30. During that period of his employment, the PASM LCC also employed Enrique Guzman as the porter at the building.

31. At all times relevant, Mr. Rosa's work has been performed in the normal course of the defendants' business, was integrated into the business of the defendants and did not involve executive or administrative responsibilities.

32. At all relevant times herein, Mr. Rosa was an employee engaged in commerce and/or in the production of goods for commerce, as defined in the FLSA and its implementing regulations.

33. Defendants failed to pay Plaintiff Rosa any overtime "bonus" for hours worked beyond 40 hours in a workweek, in violation of the FLSA, the New York Labor Law, and the supporting New York State Department of Labor regulations.

34. Defendants' failure to pay Plaintiff Rosa the overtime bonus for overtime hours worked was willful and lacked a good faith basis because Defendants were aware of the hours Plaintiff Rosa was working to perform the duties assigned to him by Defendants.

35. Defendants failed to provide Plaintiff Rosa with properly compliant paystubs under the New York Labor Law, which caused the plaintiff to suffer financial harm resulting from his not being informed of his hours worked and his lawfully applicable rate of pay of each hour worked during his employment by Defendants.

36. Defendants failed to provide Plaintiff Rosa with a wage acknowledgment notice, upon his hiring or at any time thereafter, in violation of the Wage Theft Prevention Act in effect at the time, which cause the plaintiff to suffer financial harm resulting from his not being informed of his lawfully applicable rate of pay during his employment by Defendants.

37. Upon information and belief, while the defendants employed Plaintiff, and throughout all relevant time periods, the defendants failed to maintain accurate and sufficient time records or provide accurate records to its employees including Plaintiff.

38. Upon information and belief, while the defendants employed Plaintiff, and throughout all relevant time periods, the defendants failed to post or keep posted a notice explaining the minimum wage and overtime pay rights provided by the FLSA or New York Labor Law.

## **COUNT I: Fair Labor Standards Act - Overtime**

39. Plaintiff Rosa repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

40. At relevant times herein, Defendants employed Plaintiff Rosa within the meaning of the FLSA.

41. Defendants had a policy and practice of refusing to pay their employees the correct overtime premiums for hours they worked that exceeded forty hours per workweek.

42. Because of Defendants' willful failure to compensate Plaintiff Rosa at a rate at least one-and-one-half times the regular rate of pay for work performed exceeding forty hours per workweek, Defendants have violated the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

43. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), and lacks a good faith basis within the meaning of 29 U.S.C. § 260.

44. Due to Defendants' FLSA violations, Plaintiff Rosa is entitled to recover from Defendants his unpaid overtime compensation, an additional equal amount as liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of this action.

## **COUNT II: New York Labor Law - Overtime**

45. Plaintiff Rosa repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

46. At all relevant times, Plaintiff Rosa was employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

47. Defendants willfully violated Plaintiff Rosa's rights by failing to pay him overtime compensation at rates at least one-and-one-half times his regular rate of pay for each hour worked that exceeded forty hours per workweek, in violation of the New York Labor Law §§ 650 *et seq.* and its supporting regulations in 12 N.Y.C.R.R. § 146.

48. Defendants' failure to pay overtime was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

49. Due to Defendants' New York Labor Law violations, Plaintiff Rosa is entitled to recover from Defendants his unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

## COUNT III: New York Labor Law – Minimum Wage

50. Plaintiff Rosa repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

51. At relevant times herein, Plaintiff Rosa was employed by the defendants within the meaning of the New York Labor Law, §§ 2 and 651.

52. Defendants willfully violated Plaintiff Rosa's rights by failing to pay him compensation at least equivalent to the statutory minimum wage in violation of the New York Labor Law §§ 190-199, 652 and their regulations.

53. Defendants' failure to pay compensation at least equivalent to the statutory minimum wage was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

54. Due to the defendants' New York Labor Law violations, Plaintiff Rosa is entitled to recover from the defendants his unpaid compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

## COUNT IV: New York Labor Law – Breach of Contract

55. Plaintiff Rosa repeats, realleges and incorporates by reference the foregoing allegations as if set forth fully and again herein.

56. At relevant times herein, Plaintiff Rosa was employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

57. Defendants willfully violated Plaintiff's rights by failing to pay him wages and health insurance benefits promised to him by Defendants.

58. Defendants' failure to pay compensation at least equivalent to the statutory minimum wage was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

59. Due to the defendants' New York Labor Law violations, Plaintiff Rosa is entitled to recover from the defendants his unpaid compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

**COUNT V: New York Labor Law – Wage Theft Prevention Act**

60. Plaintiff Rosa repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

61. At relevant times herein, Plaintiff Rosa was employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

62. Defendants willfully violated Plaintiff's rights by failing to provide him with the wage notices required by the Wage Theft Prevention Act when he was hired, or at any time thereafter, causing him to suffer financial harm resulting from his not being informed of the lawfully applicable wages due him from Defendants.

63. Defendants willfully violated Plaintiff's rights by failing to provide him with weekly wage statements required by the Wage Theft Prevention Act at any time during his employment, causing him to suffer financial harm from his not being informed of the applicable rate(s) of compensation due from and actually being paid to him from Defendants.

64. Due to Defendants' New York Labor Law violations relating to the failure to provide paystubs, Plaintiff is entitled to recover from Defendants statutory damages of $250 per day of his employment, up to the maximum statutory damages.

65. Due to Defendants' New York Labor Law violations relating to the failure to provide wage notices, Plaintiff is entitled to recover from Defendants statutory damages of $50 per day of his employment, up to the maximum statutory damages.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

b. An injunction against Defendants and their officers, agents, successors, employees, representatives, and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

c. A compensatory award of unpaid compensation, at the statutory overtime rate, due under the FLSA and the New York Labor Law;

d. A compensatory award of unpaid compensation, at the statutory minimum wage rate, due under the FLSA and the New York Labor Law;

e. An award of liquidated damages as a result of Defendants' willful failure to pay minimum wage and overtime compensation pursuant to 29 U.S.C. § 216;

f. Liquidated damages for Defendants' New York Labor Law violations;

11

g. Statutory damages for Defendants' violations of the New York Wage Theft Prevention Act;

h. Back pay;

i. Punitive damages;

j. An award of prejudgment and post judgment interest;

k. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

l. Such other, further, and different relief as this Court deems just and proper.

Dated:  August 30, 2025                     /s/ *Andrew. D. Beresin*
                                            Andrew D. Beresin, Esq. (AB 0603)
                                            THE SAMUEL LAW FIRM
                                            1441 Broadway – Suite 6085
                                            New York, NY 10018
                                            (212) 563-9884

                                            *Attorneys for Plaintiff*

Case 1:25-cv-07245-PAE-SLC    Document 1    Filed 08/30/25    Page 13 of 13