UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CARLOS R. ROSA,

                                    Plaintiff,

                    -v-

PARK AVENUE SOUTH MANAGEMENT LLC,

                                    Defendant.

---

25 Civ. 7245 (PAE) (SLC)

OPINION & ORDER

PAUL A. ENGELMAYER, District Judge:

On August 30, 2025, plaintiff Carlos R. Rosa initiated this action against defendant Park Avenue South Management LLC ("PASM"), bringing claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, the New York Labor Law ("NYLL") § 650 *et seq.*, and New York's Wage Theft Prevention Act, NYLL § 190 *et seq.* Dkt. 1. Rosa allegedly worked as a superintendent at two apartment buildings managed by PASM from August 2007 to August 2022. *Id.* ¶¶ 5, 21. During that period, PASM allegedly failed to pay Rosa for overtime hours worked; provide Rosa with legally compliant paystubs or a wage acknowledgement notice; and maintain accurate time records. *Id.* ¶¶ 33–37.

On February 2, 2026, PASM moved to dismiss the Complaint for untimely service and failure to state a claim, pursuant to Federal Rules of Civil Procedure 12(b)(5) and 12(b)(6), respectively. Dkt. 16. On March 9, 2026, Rosa opposed. Dkt. 27. On March 23, 2026, PASM replied. Dkt. 28.

Before the Court is the April 30, 2026 Report and Recommendation of the Honorable Sarah L. Cave, United States Magistrate Judge. Dkt. 33 ("Report"). First, it recommends dismissal of Rosa's FLSA claim on the ground that it is time-barred. *Id.* at 11–12. The Report

found that, because the Complaint does not plausibly allege a willful violation of the FLSA, the applicable limitations period is two years. *Id.* at 12. Because the Complaint was filed in August 2025, more than two years after the end of Rosa's employment in August 2022, the Report recommends dismissal of the FLSA claim on untimeliness grounds. *Id.* Second, in the event this Court dismisses the FLSA claim—the Complaint's only federal claim—the Report recommends that this Court decline to exercise supplemental jurisdiction over the remaining state law claims. *Id.* at 12–13. Rosa has not objected or otherwise responded to the Report.

For the following reasons, the Court adopts the Report in full.

## DISCUSSION

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "To accept those portions of the report to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Ruiz v. Citibank, N.A.*, No. 10 Civ. 5950, 2014 WL 4635575, at *2 (S.D.N.Y. Aug. 19, 2014) (quoting *King v. Greiner*, No. 2 Civ. 5810, 2009 WL 2001439, at *4 (S.D.N.Y. July 8, 2009)); *see also Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).

As no party has submitted objections to the Report, review for clear error is appropriate. Careful review of Judge Cave's thorough and well-reasoned Report reveals no facial error in its conclusions; the Report is therefore adopted in its entirety. Because the Report explicitly states that "failure to object within fourteen (14) days will result in a waiver of objections and will preclude appellate review," Report at 22, the parties' failure to object operates as a waiver of appellate review. *See Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604 (2d Cir.

2

2008) (citing *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam)).

**CONCLUSION**

For the foregoing reasons, the Court dismisses, with prejudice, the Complaint's FLSA claim; and dismisses, without prejudice, all other claims in the Complaint.

The Clerk of Court is respectfully directed to terminate the motion at docket 16, and close the case.

SO ORDERED.

*Paul A. Engelmayer*

_____
PAUL A. ENGELMAYER
United States District Judge

Dated: May 26, 2026
      New York, New York